**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN C. POTEAT,** Plaintiff, v. **CHAD SCARBOROUGH, *et al.*,** Defendants. | **Case No. 25-cv-3407 (GMH)** |

# MEMORANDUM OPINION

Plaintiff John C. Poteat, who proceeds *pro se*, filed this action against Defendant The Jet and its owner and Chief Executive Officer Charles Scarborough IV (sued as Chad Scarborough) alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq.* Defendants have moved to dismiss the complaint on several bases, including failure to properly allege personal jurisdiction, improper venue, and insufficient service of process.[1] For the following reasons, Defendants' motion is held in abeyance pending receipt of further information from Plaintiff.

[1] The relevant docket entries for purposes of this Memorandum Opinion and Order are: (1) Plaintiff's amended complaint, ECF No. 1 and its attachments; (2) Defendant's memorandum in support of its motion to dismiss, ECF No. 14 and its attachment; (3) Plaintiff's opposition, ECF No. 18; and (4) Defendant's reply, ECF No. 19. The page numbers cited herein are those assigned by the Court's CM/ECF system.

# I. BACKGROUND[2]

Plaintiff, who is Black, began work at The Jet on May 1, 2022, and in January 2023 was made general manager, reporting to Scarborough as CEO.[3] *See* ECF No. 1-1 at 1. Plaintiff was the only Black manager at the company and asserts that he was treated differently from the other managers, who were given offices and required to work only five, rather than six, days per week. *See id.*

In February 2024, Josh Pratt, a Caucasian man, was hired as a consultant. *See id.* Plaintiff asserts that Pratt harassed him and, on March 12, 2024, identified himself to Plaintiff as a white nationalist. *See id.* On that same date, Plaintiff complained about the harassment to The Jet's Human Resources department, but Defendants took no action on the complaint. *See id.* at 1, 5; ECF No. 18 at 2. On March 28, 2024, Plaintiff was demoted to fleet manager and Pratt was promoted to general manager. *See* ECF No. 1-1 at 1, 5. On April 11, 2024, Plaintiff was discharged. *See id.* at 1.

On August 28, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination (including harassment) and retaliation in violation of Title VII. *See id.* at 1–2. On May 25, 2025, the EEOC issued a

---

2 At this stage in the proceedings, the Court accepts as true the plaintiff's well-pleaded factual allegations, *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), construes those allegations "in the light most favorable to the plaintiff[]," *Vick v. Brennan*, 172 F. Supp. 3d 285, 295 (D.D.C. 2016), and draws all "reasonable inferences" in favor of the plaintiff, *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016). More, in this Circuit, a court generally must "consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (quoting *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999)); *see also, e.g.*, *Buchanan v. Sony Music Ent.*, No. 18-cv-3028, 2020 WL 2735592, at *1 (D.D.C. May 26, 2020) ("Because 'all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether a motion to dismiss should be granted[,]' the facts recited herein are drawn from Buchanan's complaint and also the six briefs that he has submitted in opposition to Defendants' motions to dismiss." (citations omitted) (quoting *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 119 (D.D.C. 2010)), *aff'd*, 836 F. App'x 16 (D.C. Cir. 2021)). Accordingly, the facts related herein are drawn from Plaintiff's complaint and its attachments, as well as his opposition to Defendants' motion to dismiss.

3 No submission in the record of this case describes the business in which The Jet engaged.

determination letter finding that The Jet "demoted and discharged [Plaintiff] in retaliation for engaging in protected activity"; the determination letter made no findings with respect to Plaintiff's other allegations. *Id.* at 5. Attempts at conciliation failed, and Plaintiff was issued a right-to-sue letter. *See* ECF No. 1-1 at 5–6 (determination letter noting that a proposed conciliation agreement would be provided); ECF No. 18 at 2 (Plaintiff asserting that conciliation failed and he was issued a right-to-sue letter).

Plaintiff filed this action on September 24, 2025, claiming racial discrimination and retaliation under Title VII, and paid the filing fee. *See* ECF No. 1-2 at 2; ECF No. 1 at 4. On January 7, 2026, the Court issued a minute order noting that, under Rule 4(m) of the Federal Rules of Civil Procedure, the deadline for service of the complaint was December 23, 2025, but no proof of service had yet been filed. Minute Order (Jan 7, 2026); *see also* Fed. R. Civ. P. 4(*l*)(1) (noting that unless service is waived, proof of service must be made to the court). The Court *sua sponte* extended the time for Plaintiff to "serve each Defendant with a summons and copy of the complaint" to March 9, 2026, and warned Plaintiff that failure to do so would "result in dismissal without prejudice." Minute Order (Jan. 7, 2026). On March 17, 2026, noting that no proof of service had yet been filed, the Court issued an Order to Show Cause by March 31, 2026, why the complaint should not be dismissed under Rule 4(m). Minute Order (Mar. 17, 2026).

The Court received a submission from Plaintiff dated March 31, 2026,[4] which "provid[ed] some explanation as to why service had not been made . . . [,] assert[ed] that Plaintiff had 'sent a certified letter to serve Chad Scarborough," and enclosed "an unsigned proof of service form dated March 23, 2026, indicating that service had been made by 'USPS certified mail.'" ECF No. 3 at 1–2. The Court then issued an Order noting that, under Rule 4(e)(1), an individual defendant may

[4] Because that submission included information about Plaintiff's health, it was filed under seal. *See* ECF No. 4.

be served within the United States by following the law governing service of the state where the action is filed (here, the District of Columbia) or where service is made (here, Virginia) and that District of Columbia law "allows an individual to be served 'by mailing a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to the person to be served by registered or certified mail, return receipt requested.'" *Id.* at 2 (quoting D.C. Sup. Ct. R. Civ. P. 4(c)(4)). It was unclear whether Plaintiff had complied with that rule, however, because he attested only that a letter had been sent, but not that the summons and complaint had been included with the letter; he had not specified that that the summons and complaint were sent by certified mail return receipt requested; he had not asserted that he had attempted to serve both Defendants; and the signed and dated return receipt for the mailing had not been submitted to the Court. *See id.* (citing *Walker v. 2100 2nd St SW, LLC*, No. 24-cv-677, 2024 WL 3887395, at *5 (D.D.C. Aug. 20, 2024) (noting that under D.C. law, service by certified mail is accomplished when the return receipt is signed and dated by the recipient)). The Court therefore did not discharge the Order to Show Cause but gave Plaintiff until May 4, 2026, to show that he had properly served one or both Defendants in accordance with District of Columbia law, Virginia law, or federal law. *See id.* at 2–3.

On April 28, 2026, Plaintiff filed a document attaching receipts from the United States Postal Service ("USPS") indicating that Plaintiff had sent two pieces of certified mail to Scarborough at an address in Arlington, Virginia, and what appears to be an unsigned return receipt for a mailing to Scarborough at the same address in Arlington. *See* ECF No. 7-1. On May 8, 2026, Plaintiff filed another submission with more USPS receipts indicating that additional pieces of certified mail were sent to Scarborough at the Arlington address, along with another unsigned return receipt. *See* ECF No. 10. On May 11, 2026, Plaintiff filed another document with USPS

tracking information indicating that six mailed items were either delivered to an address in Arlington or picked up from a postal facility in Arlington on March 26, March 27, or May 4, 2026, *see* ECF No. 11 at 2–4, 6–8, and one mailed item arrived at USPS's Greensboro, NC, sorting facility on April 5, 2026, *id.* at 5.

Defendants filed their motion to dismiss on May 22, 2026. They argue that Plaintiff (1) failed to properly serve Defendants, attaching a declaration from Scarborough asserting, under penalty of perjury, that both he and The Jet had received summonses without copies of the complaint, and that neither Defendant had ever received a copy of the complaint from Plaintiff; (2) failed to plead facts showing this Court has personal jurisdiction over either Defendant; (3) failed to state a claim for either discrimination or retaliation; and (4) failed to plead facts showing that this Court is a proper venue for this action. *See* ECF No. 14; ECF No. 14-1.

That same day the Court entered a so-called *Fox*/*Neal* Order warning Plaintiff of the consequences of failing to respond to the motion; that Order also set June 22, 2026, as the deadline for Plaintiff's opposition to the motion to dismiss. *See* ECF No. 15. On June 22, 2026, Plaintiff filed a document titled "Declaration of John Christopher Poteat in Support of Plaintiff's Claims and Proposed Terms for Mediation and Confidentiality." *See* ECF No. 18. Because that document was filed on the due date for Plaintiff's opposition and because Plaintiff has filed no other document purporting to respond to Defendants' motion to dismiss, the Court deems it Plaintiff's opposition to Defendants' motion to dismiss. Defendants filed their reply on June 30, 2026. *See* ECF No. 19.

## II. DISCUSSION

Defendants have moved to dismiss Plaintiff's complaint on four independent bases: insufficient service of process under Rule 12(b)(5), lack of personal jurisdiction under Rule

12(b)(2), failure to state a claim under Rule 12(b)(6), and improper venue under Rule 12(b)(3). As discussed below, the Court finds that Plaintiff has failed to allege facts showing this Court has personal jurisdiction over Defendants or that venue is proper in this forum. However, the Court also finds that it is likely that this case should be transferred under 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631 to an appropriate forum but that such a forum cannot be identified on the record as it stands. Because of the lack of personal jurisdiction and the likelihood of transfer, the Court does not address Defendants' other bases for dismissal. *See* note 7, *infra*.

### A. Rule 12(b)(2)—Lack of Personal Jurisdiction

"To withstand a defendant's motion to dismiss under Rule 12(b)(2) [for lack of personal jurisdiction], a plaintiff bears the burden of making a prima facie showing of specific and pertinent jurisdictional facts." *Am. Action Network, Inc. v. Cater Am.*, 983 F. Supp. 2d 112, 118 (D.D.C. 2013). To do so, a plaintiff must "alleg[e] specific acts connecting the defendant with the forum" to answer "the most critical inquiry," which is "whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum." *Everett v. U.S. Dep't of Just.*, No. 14-cv-1694, 2015 WL 3776401, at *1 (D.D.C. June 18, 2015) (first quoting *United States v. Philip Morris, Inc.*, 116 F. Sup. 2d 116, 121 (D.D.C. 2000); and then quoting *Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 141 (D.D.C. 2013)). Although a court must "construe a *pro se* complaint liberally, . . . a *pro se* plaintiff is not 'freed from the requirement to plead an adequate jurisdictional basis for his claims." *Mensah-Yawson v. Raden*, 170 F. Supp. 3d 222, 228 (D.D.C. 2016) (citation modified) (quoting *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010)).

Here, the only facts relevant to personal jurisdiction the Court can glean from Plaintiff's submissions are that Scarborough is a citizen of Virginia; The Jet is incorporated under the laws

of Virginia, where it also has its principal place of business;[5] Plaintiff is a citizen of Maryland; and Plaintiff regularly drove into the District of Columbia in the course of his work. *See* ECF No. 1 at 3–4; ECF No. 1-1 at 4.

Because neither Defendant is a citizen of the forum, the Court must first determine whether the forum's so-called "long-arm" statute permits the exercise of personal jurisdiction over them. *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). If so, the Court must then determine whether the exercise of such jurisdiction "accords with the demands of due process." *Id.* The District of Columbia's long-arm statute provides, in relevant part, that a D.C. court

> may exercise personal jurisdiction over a person . . . as to a claim for relief arising from the person's—
>
> (1) transacting any business in the District of Columbia;
>
> . . .
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a). Crucially, only "claim[s] for relief arising from acts enumerated in this section" may be asserted against a defendant. *Id.* § 13-423(b).

As noted, Plaintiff's only allegation that provides a connection to the District of Columbia is that his work required him to drive in to the District regularly. *See* ECF No. 1-1 at 4. But there is no allegation that the conduct he complains of (i.e., harassment, discrimination, and retaliation by Pratt, Scarborough, and The Jet) or the injuries he suffered from those torts (i.e., pain and

[5] Defendant asserts that The Jet is incorporated in Delaware. *See* ECF No. 14 at 1. That discrepancy is immaterial to the analysis of personal jurisdiction here.

suffering and loss of pay) occurred or were felt in the District of Columbia. He therefore does not meet subsections (a)(3) or (a)(4) of the statute. And, although Plaintiff's allegations that he regularly drove into the District in the course of his duties might establish that The Jet transacted business in the forum, *see* D.C. Code § 13-423(a)(1), he has not shown that his discrimination and retaliation claims arose from that "particular transaction of business." *Kalipeni v. Family Values at Work*, No. 25-cv-3471, 2026 WL 1943315, at *7 (D.D.C. July 6, 2026) (quoting *Plastics Indus. Ass'n v. Bonta*, No. 24-cv-1542, 2025 WL 1025142, at *3 (D.D.C. Apr. 7, 2025)). Accordingly, the Court finds on this record that it lacks personal jurisdiction over Defendants.

That does not mean, however, that dismissal is appropriate. Under 28 U.S.C. § 1631, where a court finds that it lacks personal or subject matter jurisdiction over a claim "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see, e.g.*, *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 794–95 (5th Cir. 2021) (collecting cases from the First, Third, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits indicating that Section 1631 "was intended to embrace transfers performed in the absence of not just subject matter jurisdiction, but personal jurisdiction as well" and noting that no Court of Appeals has held otherwise); *Freeman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 285 (D.D.C. 2015) ("Most courts, including the D.C. Circuit, have interpreted Section 1631 according to its plain meaning, concluding that a court may transfer an action where there is a want of *any* jurisdiction, whether it be subject matter

jurisdiction or personal jurisdiction.”). Transfer under that provision is discussed in Section II.C, *infra*.

**B. Rule 12(b)(3)—Improper Venue**

The plaintiff has the burden “to prove that venue is proper when an objection is raised, ‘since it is the plaintiff’s obligation to institute the action in a permissible forum.’” *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (quoting *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013)). In determining whether venue is proper, a court must accept as true the complaint’s well-pleaded factual allegations, resolve all factual conflicts in the plaintiff’s favor, and give him or her the benefit of all reasonable inferences. *See id.*

In Title VII cases, “venue is not determined under the general venue statute, 28 U.S.C. § 1391”; instead, “Title VII’s special venue provision governs.” *Kong v. Lutnick*, No. 24-cv-1749, 2025 WL 1938163, at *1 (D.D.C. July 15, 2025). Under that provision, an action may be brought

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*Id.* at *2 (alterations in original) (quoting 42 U.S.C. § 2000e-5(f)(3)). “Venue is proper if at least one of the section 2000e-5(f)(3) prongs is satisfied.” *Id.* (quoting *Alessa v. Harker*, No. 20-cv-1320, 2021 WL 5911180, at *3 (D.D.C. Mar. 31, 2021)). As discussed in Section II.A, *supra*, Plaintiff has not alleged that any of the events or omissions giving rise to the claim occurred in the District of Columbia—or anywhere else, for that matter; nor has he alleged anything about where the relevant employment records are kept or where he would have worked had he not been demoted

or fired. Accordingly, Plaintiff has not established that this Court is the proper venue for his claims.

Under 28 U.S.C. § 1406(a), where a district court finds it is an improper venue, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer under Section 1406(a) is discussed immediately below in Section II.C.[6]

**C. Transfer**

For a transfer to be appropriate under 28 U.S.C. § 1631 "(1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer may be made only to a court in which the action could have been brought at the time it was filed or noticed." *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018). Transfer is appropriate under 28 U.S.C. § 1406 where (1) an action was "filed in an improper venue" and (2) the interest of justice favors transfer to a "district in which it could have been brought." *Fam*, 236 F. Supp. 3d at 408. The Court has already found that it lacks personal jurisdiction over Defendants and that venue is improper in this District—at least on the facts as they are currently pleaded.[7]

The Court also finds that transfer would be in the interest of justice. *See, e.g.. Goldstein v. Olympia Swimming Pool Co.*, No. 25-cv-2588, 2026 WL 1803660, at *3 (D.D.C. June 23, 2026)

[6] The D.C. Circuit has held that "venue is the kind of threshold, nonjurisdictional issue that can be addressed" even if it is not clear that the court has personal jurisdiction over the defendants. *Chevron U.S.A. Inc. v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022). Similarly, a federal court may transfer a case under 28 U.S.C. § 1406(a) "whether the court in which it was filed had personal jurisdiction or not." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 67 (D.D.C. 2011) (citation modified) (quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962)).

[7] The finding that the Court lacks personal jurisdiction prohibits the Court from resolving Defendants' argument that Plaintiff fails to state a claim, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).")—although the Court does "peek at the merits" in determining whether the interest of justice favors transfer over dismissal. *Fam v. Bank of*

(noting that under both 28 U.S.C. § 1631 and 28 U.S.C. § 1406, "transfer is warranted 'if it is in the interest of justice'" (quoting *Does 1–144*, 285 F. Supp. 3d at 235)). "[W]hat constitutes the 'interest of justice' rests 'within the sound discretion of the district court.'" *Id.* (quoting *Does 1–144*, 285 F. Supp. 3d at 235); *see also Bell v. Esper*, No. 18-cv-2277, 2019 WL 6910032, at *4 (D.D.C. Dec. 19, 2019) ("*Sua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court." (citation modified) (quoting *Javonovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 112 n.4 (D.D.C. 2008))). "Generally, the interest of justice requires transferring . . . cases to [an] appropriate judicial district rather than dismissing them." *Williams*, 792 F. Supp. 2d at 64; *see also Fam*, 236 F. Supp. 3d at 408 (noting a "presumption in favor of transfer" rather than dismissal). When deciding whether to transfer a case under Section 1631, courts consider, among other things, "whether the claims would be time-barred upon refiling, whether transfer would prejudice the defendants' position on the merits, and whether transfer

---

*Am. NA (USA)*, 236 F. Supp. 3d 397, 409 (D.D.C. 2017) (quoting *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010)).

That finding and the possibility of a transfer also counsels against addressing Defendants' argument under Rule 12(b)(5) that service of process was insufficient. *See, e.g.*, *Chestang v. Alcorn State Univ.*, No. 09-cv-3534, 2010 WL 1372601, at *3 (N.D. Ill. Apr. 1, 2020) (declining to address the defendants' motion to dismiss for insufficient service of process where the transferee court "[would] be deciding all future issues of th[e] case"); *Wilhelm v. Yott*, No. Civ. S-08-210, 2009 WL 2579782, at *1 (E.D. Cal. Aug. 19, 2009) ("Lack of personal jurisdiction and/or insufficient service of process does not bar transfer under Section 1406(a). Jurisdiction and the sufficiency of service of process can be determined in the transfer[ee] court."); *Silva v. Mayo Clinic*, No. Civ.A. 05-1519, 2004 WL 1563018, at *1–2 (E.D. Pa. July 13, 2004) (transferring the case to a proper venue without addressing the defendant's argument that service of process was insufficient); *cf. Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 66–67 (D.D.C. 2011) (transferring the case after finding that service of process was insufficient).

An additional reason not to address Defendants' Rule 12(b)(5) argument is that they appear to have moved under the wrong subsection of Rule 12(b). Their argument rests on the assertion that, although both Defendants received a copy of the summons, neither received a copy of the complaint. *See* ECF No. 14 at 6 (noting that Plaintiff's submissions regarding service failed to state "what exactly was mailed," while "Defendant Scarborough has filed a Declaration under penalty of perjury attesting to the mailings he received from Plaintiff, which did not include a copy of the Complaint."); ECF No. 14-1 (Scarborough attesting that he received summonses for himself and The Jet but not a copy of the complaint from Plaintiff). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. . . . A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." 5B Wright & Miller's Federal Practice and Procedure § 1353 (4th ed.) (footnotes omitted). A motion seeking dismissal for service of a summons without a complaint should proceed under Rule 12(b)(4). *See, e.g.*, *Sanderson-Cole v. Coffman*, No. 22-cv-648, 2023 WL 12179982, at *2 (W.D. Mo. Mar. 31, 2023) ("Service of summons without a complaint is invalid service of process under *Rule 12(b)(4)*." (emphasis added) (quoting *King v. Preferred Family Healthcare*, No. 20-cv-895, 2021 WL 2458676, at *3 (W.D. Mo. June 16, 2021))).

would save the plaintiff the time and expense of refiling in a new district." *Does 1–144*, 285 F. Supp. 3d at 235. Similar concerns animate the consideration of transfer in the interest of justice under Section 1406. *See, e.g.*, *Freedman*, 139 F. Supp. 3d at 284 ("[T]ransfer is in the 'interest of justice' where 'without a transfer the cause of action would be barred by the running of the applicable statute of limitations[,]' . . . where transfer would save the parties the time and expense associated with refiling, and where transfer would not prejudice the defendant[.]" (citations omitted) (quoting *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983))). Additionally, *pro se* plaintiffs "are precisely the type of litigant Congress aimed to assist in enacting § 1631." *Arora v. Buckhead Family Dentistry, Inc.*, 285 F. Supp. 3d 190, 199 (D.D.C. 2018). And under Section 1406, courts have found "that the presumption in favor of transfer is especially strong where a plaintiff files a complaint *pro se*." *Fam*, 236 F. Supp. 3d at 408 (collecting cases).

Here, if the Court were to dismiss Plaintiff's Title VII claims, his claims would likely be time-barred when he files them in a proper forum. A plaintiff has 90 days from the issuance of the right-to-sue letter to file a claim in federal court. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984) ("Title VII . . . states that within 90 days after the issuance of a right-to-sue letter 'a civil action may be brought against the respondent named in the charge.'" (quoting 42 U.S.C. § 2000e-5(f)(1)); 29 C.F.R. § 1601.28(e)(1)). Although the filing of a complaint tolls the statute of limitations, "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting *Elmore v. Henderson*, 277 F.3d 1009, 1011 (7th Cir. 2000)). That is, "when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is

effectively with prejudice." *Id.* (quoting *Elmore*, 277 F.3d at 1011). Here, although it is not clear when Plaintiff received his right-to-sue letter,[8] this action has been pending since September 24, 2025, which is itself a period of more than 90 days. Accordingly, dismissal without prejudice would almost certainly bar review of the merits of his claims.

Transfer rather than dismissal is the "standard remedy" where it would "preserv[e] a plaintiff's ability to obtain review." *Fam*, 236 F. Supp. 3d at 408 (citation modified) (quoting *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001)); *see also, e.g.*, *Does 1–144*, 285 F. Supp. 3d at 236 ("The possibility that these claims . . . could be permanently time-barred weighs in favor of transfer."). Transfer is also favored because it would "save the parties the time and expense associated with refiling." *Freeman*, 139 F. Supp. 3d at 285. And, of course, Plaintiff is proceeding *pro se*. *See Arora*, 285 F. Supp. 3d at 199; *Fam*, 236 F. Supp. 3d at 408

Defendants do not argue that they would be prejudiced by a transfer but rather maintain that a district court should "dismiss rather than transfer where a plaintiff's underlying claims lack merit." ECF No. 14 at 9 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C. Cir. 1983)). "[C]ourts often 'take a peek at the merits' when deciding whether transfer is in the interests of justice" to avoid the waste of resources "when the outcome is foreordained." *Fam*, 236 F. Supp. 3d at 409–10 (first quoting *Laukus*, 691 F. Supp. 2d at 127; and then quoting *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997)). Here, "obvious substantive defects are not at all apparent in the instant complaint." *Id.* Plaintiff's submissions allege that he complained of racial harassment on March 12, 2024, was demoted on March 28, 2024, and fired on April 11, 2024. *See*

[8] The 90-day filing requirement it "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to [forfeiture] . . . ." *Miller v. Downtown Bid Servs. Corp.*, 281 F. Supp. 3d 15, 20 (D.D.C. 2017) (quoting *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)). Because it is an affirmative defense, the failure of a defendant to raise it "result[s] in a forfeiture." *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1108–09 (D.C. Cir. 2019). Because Defendants here did not argue that Plaintiff's claims are time-barred, the Court finds it immaterial when he received the right-to-sue letter.

ECF No. 1-1 at 1. The D.C. Circuit has recognized that "[f]or purposes of establishing a prima facie case of retaliation, 'temporal proximity can indeed support an inference of causation, but only where the two events are very close in time.'" *Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C. Cir. (2012) (quoting *Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir 2007)). The gap between Plaintiff's alleged protected activity and his demotion was just over two weeks and he was fired fourteen days later. "In *Hamilton*, the D.C. Circuit found a gap of just under three months between a protected action and a retaliatory act sufficient to establish temporal proximity causation." *Walden v. Patient-Centered Outcomes Rsch. Inst.*, 177 F. Supp. 3d 336, 344 (D.D.C. 2016); *cf., e.g.*, *Barnhill v. Bondi*, 138 F.4th 123, 132 (4th Cir. 2025) ("While there is not a bright-line rule instructing when temporal proximity is sufficient to establish causation, without other evidence of causation, the gap between the protected activity and the adverse employment action can generally be no longer than two months."). The gap here—approximately one month—is even smaller. More, citing that temporal proximity, as well as "[e]vidence obtained during the investigation," the EEOC's determination letter found that The Jet "demoted and discharged [Plaintiff] in retaliation for engaging in protected activity." ECF No. 1-1 at 5. Similarly, the Court sees no obvious defects in the pleading of Plaintiff's disparate treatment claims. Thus, at this very early juncture, Defendants' contention that Plaintiff's claims are doomed to fail on the merits appears questionable.[9]

One issue remains: what is the appropriate transferee court? Both Section 1406 and Section 1631 allow a court to transfer a case to one "in which the action could have been brought" originally. 28 U.S.C. 1406(a); 28 U.S.C. 1631. That is, a case may be transferred to a court that

[9] On the other hand, the Court does not find that Plaintiff's complaint would survive a motion to dismiss for failure to state a claim, because, as noted in note 7, *supra*, it is prohibited from reaching that question.

has personal jurisdiction over the defendants and is a proper venue.[10] It is clear that the Eastern District of Virginia would have personal jurisdiction over Defendants because Scarborough resides there and The Jet has its principal place of business there. *See* ECF No. 14 at 1; *see also, e.g.*, *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (noting that "an individual is subject to general [personal] jurisdiction in her place of domicile. And the 'equivalent' forums for a corporation are its place of incorporation and principal place of business." (citations omitted) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014))). The proper venue under Title VII's venue provision is unclear, however, because as noted above Plaintiff has offered no information about where the conduct of which he complains occurred, where the relevant employment records are kept, or where he would have worked had he not been demoted or fired.[11] *See* 42 U.S.C. 2000e-5(f)(3). Thus, the Court cannot determine an appropriate transferee court on this record. The Court will therefore issue an order requiring Plaintiff to show cause why this case should be transferred rather than dismissed that invites him to provide additional information relevant to venue.

## IV. CONCLUSION

For the reasons stated above, the Court finds that, on the facts as currently alleged, it lacks personal jurisdiction over Defendants and venue is improper in this district. However, it also finds that transfer rather than outright dismissal would be in the interest of justice if an appropriate federal forum can be identified. Accordingly, the Court will **HOLD IN ABEYANCE** Defendants'

---

[10] Because this is a federal question case, the federal courts have subject matter jurisdiction over it.

[11] The Court notes that if Defendants are "not found" in that district (wherever it may be), the Eastern District of Virginia would be a proper venue because The Jet's "principal office" is located there. 42 U.S.C. 2000e-5(f)(3).

motion to dismiss, ECF No. 13, issue an Order to Show Cause directed to Plaintiff, and stay this case pending a decision on whether to transfer this case.

**SO ORDERED.**

G. Michael Harvey

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

Date: October 26, 2026